UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

YAYA MANNEH,

                Plaintiff,

– against –

FBI AND DIRECTOR GENERAL, FBI,

                Defendants.

**MEMORANDUM AND ORDER**
1:19-CV-07177 (AMD) (LB)

------------------------------------------------------------ X

ANN M. DONNELLY, United States District Judge:

On December 12, 2019, the plaintiff, Yaya Manneh, commenced this *pro se* action against the FBI and the Director General of the FBI. (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted. For the reasons that follow, the plaintiff's complaint is dismissed without prejudice.

## BACKGROUND

The plaintiff's lawsuit claims that the FBI "impounded" all of his documents, including multiple passports, four years ago. (ECF No. 1 at 5, 8.) The plaintiff claims that without his documents, he is jobless and homeless. (*Id.* at 8.) He also claims that the FBI is "operating" on him "with zooming and humming." (*Id.*) Though the plaintiff has "not come in touch with the [FBI] directly," he alleges that the FBI has been "zooming and humming" on a "24/7 basis" for the past four years. (*Id.* at 9.) According to the plaintiff, the FBI sends "information through humming, zooming and mindset." (*Id.*) The plaintiff names four individuals he identifies as "Clearance Agents," who he says "have successfully cleared me. They have my case and only need a judge to make it legal with a court order." (*Id.* at 7.) The plaintiff seeks a court order enabling him to get his documents back. (*Id.* at 8.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

A *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp.

2

2d 539, 541-43 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when the plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## DISCUSSION

The complaint, which names the FBI and the Director General of the FBI, does not state a plausible claim under any standard. The plaintiff seems to be claiming that the FBI seized and is holding his travel documents, which has caused him to become homeless and jobless. However, the plaintiff has admitted that he has had no direct contact with the FBI. The plaintiff also asserts that the FBI is "operating" on him "with zooming and humming." These claims, devoid of any factual explanations, must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]").

Moreover, the plaintiff has not alleged any facts that would bring his claims within the jurisdiction of the federal courts. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), permits claims for some constitutional violations by federal agents acting in their individual capacities. However, the plaintiff has not alleged that any federal officials violated his constitutional rights.

The only relief the plaintiff seeks is a court order directing the return of his documents,

but he does not explain the circumstances surrounding the "impounded documents." The Federal Tort Claims Act does not provide any basis for relief in this case, as it specifically excludes most claims related to the detention of property by customs officials or law enforcement officers. *See* 28 U.S.C. § 2680(c); *Bertin v. United States*, 478 F.3d 489, 492 (2d Cir. 2007) (finding that a plaintiff's claim for return of property seized at Kennedy Airport was barred by sovereign immunity).[1] If the documents were seized as part of a federal criminal proceeding, the plaintiff could file a Motion to Return Property under Rule 41(g) of the Federal Rules of Criminal Procedure. Such a motion must be filed in the district where the property was seized. *See* Fed. R. Crim. P. 41(g). "In order to prevail on a Rule 41(g) motion, the moving party must demonstrate that: (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 311 (S.D.N.Y. 2018) (internal quotation marks omitted), *reconsideration denied*, No. S2 18-CR-579 (JSR), 2019 WL 1460216 (S.D.N.Y. Jan. 10, 2019). The plaintiff's complaint does not include sufficient facts to support such a claim in this Court. Accordingly, the complaint is also dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## CONCLUSION

The plaintiff's complaint, filed *in forma pauperis*, is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). The Court grants the plaintiff leave to file an amended complaint within 30 days of the date of this order. The

---

[1] Moreover, a person asserting a FTCA claim must comply with the statute's procedural requirements, including exhausting administrative remedies. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), abrogated on other grounds by *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015); *Mosseri v. Woodstock Hous. Dev. Fund-Corp.*, No. 18-CV-9431, 2019 WL 2287964, at *2 (S.D.N.Y. May 28, 2019).

4

amended complaint must allege claims arising under federal law, or, if under state law, the amended complaint must include allegations that the parties are citizens of different states, and that the amount in controversy exceeds $75,000. The Court encourages the plaintiff to make an appointment with the Federal Pro Se Legal Assistance Project, which provides limited representation to pro se litigants in this district.[2] If the plaintiff fails to file an amended complaint within 30 days, the complaint will be dismissed and judgment will enter. No summonses will issue at this time, and all further proceedings will be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      January 10, 2020

---

[2] The Clerk of Court will mail a copy of the Pro Se Legal Assistance Project flyer attached to this order to the plaintiff. Mail that was previously sent to the plaintiff concerning this case was returned as undeliverable. (ECF No. 4.) The plaintiff should provide the Court with his current mailing address.